UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.B. (Arthur Burnham, father and next friend), ) <br> Plaintiff, ) <br> v. ) <br> SOUTHBRIDGE POLICE DEPARTMENT, ) <br> Defendant. ) | **CIVIL ACTION NO. 15-40033-DHH** |
| H.B. (Arthur Burnham, father and next friend), ) <br> Plaintiff, ) <br> v. ) <br> DUDLEY DISTRICT COURT, ) <br> Defendant. ) | **CIVIL ACTION NO. 15-40034-DHH** |
| K.B. (Arthur Burnham, father and next friend), ) <br> Plaintiff, ) <br> v. ) <br> SOUTHBRIDGE POLICE DEPARTMENT, ) <br> Defendant. ) | **CIVIL ACTION NO. 15-40039-DHH** |
| K.B. (Arthur Burnham, father and next friend), ) <br> Plaintiff, ) <br> v. ) <br> DUDLEY DISTRICT COURT, ) <br> Defendant. ) | **CIVIL ACTION NO. 15-40040-DHH** |

## MEMORANDUM AND ORDER
### September 25, 2015

**HENNESSY, M.J.**

For the reasons stated below, the Court (1) grants the motions for leave to proceed *in forma pauperis*; (2) directs Arthur Burnham to retain counsel; and (3) denies without prejudice the motions to toll the actions.

## Background

Arthur Burnham ("Burnham"), who is currently incarcerated,[1] filed the four above-captioned actions on behalf of his two minor children.  In the four complaints, signed by Burnham, he alleges that his children were severely emotionally injured by seeing harm inflicted on their father by the defendants, the Southbridge Police Department and the Dudley District Court.  He also alleges that their relationship with them deteriorated because of the psychological injury he suffered from the defendants' conduct.  In two of the actions, Burnham alleges that the injury stemmed from the reckless distribution of a videotape of him at a police station holding cell while he was having a medical emergency.  A motion for leave to proceed *in forma pauperis* was filed with each complaint, and, in two of the actions Burnham filed motions asking that the statute of limitations be tolled.

## Discussion

### I.      Motions for Leave to Proceed *In Forma Pauperis*

Upon review of the motions for leave to proceed *in forma pauperis*, the Court concludes that the plaintiff is without assets or income to pay the filing fees.  The Court therefore grants the motions.

### II.      Plaintiff Must Be Represented by Counsel

These lawsuits cannot go forward at this time because Burnham cannot sue on behalf of his children without representation by counsel.

A individual with capacity to sue or be sued may represent his or her own interests in federal court without the aid of counsel.  *See* 28 U.S.C. § 1654.  This statutory right "reflects a respect for the choice of an individual citizen to plead his or her own cause." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.* 906 F.2d 61 (2d Cir. 1990), *cited with approval in O'Diah v. Volkswagen of America, Inc.*, 91 Fed. Appx. 159, 160 (1st Cir. 2004) (per curiam); *see also*

---

[1]At the time he filed the actions, Burnham represented that he was homeless at the time he filed the actions.  He later informed the Court that he is confined at the Worcester County Jail and House of Corrections.

2

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 137 (1st Cir. 1985) ("Section 1654 . . . calls back visions of days when much litigation . . . was carried on by strong self-reliant citizens who preferred to appeal to the sense of justice of 'the country' rather than entrust their causes to lawyers trained in the intricacies of the law.").

However, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung*, 906 F.2d at 61." Minor children do not have capacity to prosecute their own claims; they must sue by a guardian, next friend, or other representative. *See* Fed. R. Civ. P. 17(b). Where individuals lack capacity to sue due to minority, "[t]here is . . . no individual choice to proceed *pro se* for the courts to respect," and it is not in their interest to be represented by non-attorneys. *Cheung*, 906 F.2d at 61.

Thus, if Burnham would like to serve as a "next friend" on behalf of his children, he must be represented by counsel.

## II.    Court Declines to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case and the complexity of the legal issues, and any other relevant factors. *See id.* at 24.

Here, the Court declines to appoint counsel because the merit of any federal claims is questionable.[2] Even assuming, for purposes of this order, that the complaints meet the pleading

---

[2]The only possible basis for jurisdiction of these cases would be if the plaintiff stated claims arising under federal law. *See* 28 U.S.C. § 1331. Federal district courts also have jurisdiction over claims arising under state law, but only if the plaintiff and defendants are not

requirements of Rule 8(a) of the Federal Rules of Civil Procedure, it does not appear that the factual allegations support a claim arising under federal law.

Burnham does not identify the particular claims he is asserting on behalf of his children. Given the nature of the allegations, the Court assumes that he is attempting to bring a claim under 42 U.S.C. § 1983 ("§ 1983").  This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  However, the Court cannot discern any right of the minor children that may have been violated by the alleged wrongdoing set forth in the complaints.  Even if the law enforcement or court personnel violated Burnham's federal constitutional rights, the resulting emotional distress to his children does not necessarily give rise to a § 1983 claim.  Only the direct victims of unconstitutional conduct may state a claim under § 1983.  *See, e.g., Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (§ 1983 claim is "entirely personal to the direct victim of the alleged constitutional tort"); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (same); *cf. Robles-Vazquez v. Tirado Garcia*, 110 F.3d 204, 206 n.4 (1st Cir. 1997) ("State action that affects the parental relationship only incidentally, however, even though the deprivation may be permanent . . . is not sufficient to establish a violation of a [sic] identified liberty interest." (quoting *Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir.1991))).  Thus, "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members."  *Claybrook*, 199 F.3d at 357.

## III.    Motions to Toll Cause of Action

The motions to toll the causes of action are denied without prejudice.  Should these lawsuits go forward and the defendants move to dismiss the complaints as time-barred, Burnham

---

citizens of the same state.  *See* 28 U.S.C. § 1332.

may raise the issue of tolling of the limitations period at that time.

## Conclusion

For the foregoing reasons:

1.      The motions for leave to proceed *in forma pauperis* filed in all four actions are GRANTED.

2.      Burnham is directed to find counsel to represent him in these actions that he is bringing on behalf of his children.  Each of these actions may be subject to dismissal unless, within 42 days of the date of this order, counsel files a notice of appearance in each case.

3.      The motions to toll the actions are DENIED WITHOUT PREJUDICE.


SO ORDERED

 /s/ David H. Hennessy
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE